UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY THOMAS WOLFINGTON, | No. 2:20-cv-0653 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JARED D. LOZANO, Warden,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner was incarcerated at California State Prison Sacramento when he filed his petition. On June 5, 2020, respondent filed a motion to dismiss the petition. ECF No. 16. Respondent's motion contends that the petition was prematurely filed because petitioner's sentence remains pending on remand in the Yolo County Superior Court. Id.

Petitioner's response to respondent's motion to dismiss was due within thirty days after service of the motion. See ECF No. 8 at 2:12-4. Petitioner has not filed a response. He has instead filed a request for appointment of counsel and a notice that he was recently transferred to

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Jared D. Lozano, Warden of the California Medical Facility, is substituted as respondent herein.

the California Medical Facility in Vacaville.  Petitioner requests appointment of counsel on the following grounds, ECF No. 19 at 1:

> I am a mental health patient and am not able to do this on my own. I am currently housed in the "acute" level of care in the psychiatric wing in Vacaville [sic] Medical Facility "Max Custody."  I have no access to the law library and even if I did I would not know what to do.  I am asking for a attorney . . . so I can get a fair appeal.

This is petitioner's second request for appointment of counsel.  Petitioner's first request, submitted shortly after he filed his petition, ECF No. 6, was denied as premature because respondent had not yet filed a response, ECF No. 8.  As the court then informed petitioner, there is no fundamental right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Nevertheless, under 18 U.S.C. § 3006A, counsel can be appointed by the district court at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

To assess whether appointment of counsel is warranted at this time, the undersigned has examined the merits of respondent's motion to dismiss.  The court finds that compelling a substantive response to the motion from petitioner would be futile.  For the reasons set forth below, it is clear that petitioner's petition was prematurely filed and must be dismissed without prejudice on that ground.  As a result, the undersigned recommends that respondent's motion to dismiss be granted, this action be dismissed without prejudice, and petitioner's motion for appointment of counsel be denied as moot.

Respondent's motion and exhibits demonstrate that in 2013 petitioner was convicted in the Yolo County Superior Court of second degree murder and active participation in a criminal street gang.  The jury found true that petitioner personally used a deadly or dangerous weapon in the commission of the felonies and that he had a prior conviction and three prior prison terms. Petitioner was sentenced to an indeterminate prison term of thirty years to life, plus eight years. See Lodg. Doc. 1 (ECF No. 71-1 at 1-2).

On February 4, 2019, the California Court of Appeal, Third Appellate District, affirmed the judgment but remanded the case back to the superior court for resentencing under new retroactive legislative permitting the trial court "to exercise its discretion whether to strike or

dismiss the [serious felony] enhancement under section 667, subdivision (a)(1)." See Lodg. Doc. 2 (ECF No. 71-2 at 1-15). The Court of Appeal also directed the trial court to accord plaintiff 729, rather than 727, days of custody credit. Id.; accord, Case Information, California Court of Appeal, Third Appellate District.[2] Petitioner sought review in the California Supreme Court, which was denied on April 17, 2019. Lodg. Doc. 3-4 (ECF Nos. 17-3 and 17-4); accord, Case Information, California Supreme Court.[3]

The Court of Appeal returned the record to the Yolo County Superior Court on May 29, 2019, id., where it was received on May 30, 2019.[4] The Superior Court has not yet held a hearing or taken other action on petitioner's resentencing. See n.4, supra.

Petitioner filed the instant federal petition on March 26, 2020. ECF No. 1.

The court finds the instant petition prematurely filed because there is no final judgment. This court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Hence, this court is without jurisdiction to consider petitioner's habeas petition until both his conviction *and* sentence become final. Burton, 549 U.S. at 156-57.

Further, because the Yolo County Superior Court has not yet reached a decision on remand of petitioner's direct criminal appeal, all of the factors for invoking abstention are met under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). These factors are satisfied when the following conditions are met: (1) "a state-initiated proceeding is ongoing;" (2) the

---

[2] The undersigned has confirmed these dates and dispositions on the Case Information website operated by the California Supreme Court. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).
[3] See n.2, supra.
[4] See https://oneweb.yolo.courts.ca.gov/OneWebCaseInquiry/#/CaseDetail the Case Info website operated by the Yolo County Superior Court; see also Lodg. Doc. A at 1-2 (ECF No. 16-1 at 2, 10-1).

proceeding "implicates important state interests;" (3) "the federal litigant is not barred from litigating federal constitutional issues in that proceeding;" and (4) the federal court's disposition of the matter would "enjoin the [state court] proceeding, or have the practical effect of doing so." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007) (quoting Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until . . . the case concluded in the state courts.  Apparent finality of one issue is not enough." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  No apparent extraordinary circumstance precludes abstention in this case.

Because state court proceedings on plaintiff's criminal appeal have not yet concluded, and there is no final judgment, the undersigned finds that the instant habeas petition was prematurely filed and recommends that this case be dismissed without prejudice on that basis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 16, be GRANTED;

2. This action be dismissed without prejudice; and

3. Petitioner's motion for appointment of counsel, ECF No. 19, be denied without prejudice as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4